CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 21 2007
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROBERT LEE GROOMS, JR.,
    Petitioner,

v.

GENE JOHNSON, et al.,
    Respondents.

Civil Action No. 707:-cv-00228

<u>MEMORANDUM OPINION</u>

By: Hon. Jackson L. Kiser
Senior United States District Judge

Petitioner, a Virginia inmate proceeding <u>pro se</u>, brings this action as a civil rights complaint pursuant to 42 U.S.C. § 1983. After reviewing the complaint, the court is of the opinion that even though the plaintiff has styled his action as a civil rights complaint, the claims are more appropriately filed as a petition for a writ of habeas corpus. The court finds that this case should be filed <u>in forma pauperis</u> as a <u>habeas</u> action under 28 U.S.C. §2254 and dismissed summarily without prejudice, pursuant to Rule 4 of the Rules Governing §2254 Cases. A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

A district court is not constrained by a petitioner's style of pleading or request for relief. <u>Hamlin v. Warren</u>, 664 F.2d 29 (4th Cir. 1981), <u>cert</u>. <u>denied</u>, 455 U.S. 911 (1982). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the petitioner's claim concerns the fact or duration of his confinement and whether a claim of damages is ancillary to and dependent on a favorable resolution of the length of his confinement. <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint does so concern the fact or length of confinement, then the proceeding is in <u>habeas</u>. <u>Id.</u> In this case, plaintiff is clearly contesting the legality of his continued confinement in the Virginia prison system. Accordingly, plaintiff's exclusive cause of action is in <u>habeas</u>. <u>Id.</u>

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action does not necessarily require dismissal. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Provided the claim meets the threshold requirements, the court may address it on the merits. Haines v. Kerner, 404 U.S. 519 (1972).

Court records indicate that the petitioner has previously filed a § 2254 petition concerning the same sentence, Civil Action No. 7:04-cv-00673.* Thus, the petitioner's current petition is a subsequent one, falling under the successive petition provisions of the federal habeas statutes in 28 U.S.C. § 2244(b). Pursuant to this section, a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b).

Because the petitioner has not submitted any evidence that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. A Fourth Circuit form and instructions for filing a request for certification to file a subsequent petition are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

---

* In that case, petitioner challenged a sentence imposed against him in the Circuit Court for the City of Charlottesville in 1976, judging him guilty of several burglaries and imposing a total sentence of 36 years and 24 months imprisonment. At the time of that petition, his estimated mandatory parole release date was September 20, 2010. That petition was based, in part, on the argument that a sentencing calculation error violated his due process and equal protection rights, and that Virginia Department of Corrections officials had used an inaccurate formula to calculate his remaining sentence of imprisonment. This court (Turk, J.) dismissed the petition, finding that petitioner had not stated any grounds upon which he was entitled to relief. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which denied a certificate of appealability and dismissed the appeal. See Fourth Circuit Case No. 05-6002, decided August 2, 2005.

In the instant case, petitioner claims that a "computational error regarding length of sentence" has resulted in a sentence of "36 years, 24 months," rather than a sentence of "26 years, 24 months." In petitioner's view, he "is being held beyond his manditory [sic] date of February 1, 2003." However, it is clear that petitioner's arguments regarding the computation of his sentence were examined in Civil Action No. 7:04-cv-00673, and were found to be without merit.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 21st day of May, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge